**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION**

JASON LLOYD,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

No. C08-4104-MWB
(No. CR07-4056-MWB)

**MEMORANDUM OPINION AND
ORDER REGARDING
PETITIONER'S § 2255 MOTION**

_____

**TABLE OF CONTENTS**

*I. INTRODUCTION AND BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . 2
   *A. The Petitioner's § 2255 Motion* . . . . . . . . . . . . . . . . . . . . . . 2
   *B. The Petitioner's Charges, Plea, and Sentence* . . . . . . . . . . . . . . . . . . . . 2

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
   *A. Standards For Relief Pursuant To § 2255* . . . . . . . . . . . . . . . . . . . . 4
   *B. Evidentiary Hearing* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
   *C. Ineffective Assistance Of Counsel* . . . . . . . . . . . . . . . . . . . . . . . . 7
      *1. Applicable Standards* . . . . . . . . . . . . . . . . . . . . . . 7
      *2. Claims regarding § 851 notice* . . . . . . . . . . . . . . . . . . 9
      *3. Challenge to convictions used to enhance sentence* . . . . . . . 11
      *4. Acceptance of responsibility* . . . . . . . . . . . . . . . . . . . 12
   *D. Certificate Of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*III. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

## I. INTRODUCTION AND BACKGROUND

### A. *The Petitioner's § 2255 Motion*

This case is before the court pursuant to petitioner Jason Lloyd's ("Lloyd") *Pro Se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence (docket no. 1). Lloyd raises four grounds for relief in his motion. First, Lloyd asserts that his counsel was ineffective in failing to object to the court's permitting the amendment of the prosecution's sentencing enhancement notice pursuant to 21 U.S.C. § 851. Second, Lloyd asserts that his trial counsel was ineffective in failing to secure a three point reduction for acceptance of responsibility. Third, Lloyd alleges that his trial counsel was ineffective in failing to object to the prosecution's use of certain prior convictions to enhance his sentence because he was not represented by counsel and did not waive his right to counsel in those cases. Finally, Lloyd alleges that his trial counsel was ineffective in advising him not to appeal his sentence on the ground that the prosecution should not have been allowed to amend its sentencing enhancement notice. With respect to the first, third and fourth issues, respondent argues that no amendment of the prosecution's sentencing enhancement notice occurred in this case and only the felony drug convictions listed in the prosecution's Notice of Sentencing Enhancement were used to enhance Lloyd's sentence. Regarding the second issue, respondent contends that Lloyd's counsel was not ineffective because Lloyd was granted a three point reduction for acceptance of responsibility.

### B. *The Petitioner's Charges, Plea, and Sentence*

On October 26, 2007, a one-count superseding indictment was returned against Lloyd, charging him with conspiring to distribute and possess with intent to distribute 50 grams or more of a mixture or substance containing crack cocaine, after having previously being convicted of a felony drug offense, in violation of 21 U.S.C. §§ 841(a)(1),

841(b)(1)(A), 846, and 851. On February 20, 2008, the prosecution filed a notice of intent to seek enhanced penalties pursuant to 21 U.S.C. § 851. In its notice, the prosecution identified a September 4, 2001, Illinois state conviction for manufacture/delivery of crack cocaine (Case No. 99CR0786401), and a September 20, 2002, Illinois state conviction for possession of narcotics (Case No. 02CR1542401). On February 22, 2008, Lloyd pleaded guilty to Count 1 of the superseding indictment pursuant to a plea agreement. In the plea agreement, Lloyd stipulated to having been convicted in both Case No. 99CR0786401 and Case No. 02CR1542401. In his Presentence Investigation Report ("PSR"), Lloyd's convictions in both Case No. 99CR0786401 and Case No. 02CR1542401 are set out in the criminal history section. PSR at ¶¶ 41-42. The PSR also identifies Lloyd's July 2, 2005, Illinois state conviction for possession of a controlled substance (Case No. 05CR1754401). PSR at ¶ 44. Lloyd did not object to this portion of the PSR. At his sentencing, the court determined Lloyd's base offense level to be a 35 and increased it two points, for his role in the offense, pursuant to U.S.S.G. §3B1.1(a), and reduced it three points for acceptance of responsibility, for an adjusted offense level of 34. Finding that Lloyd's criminal history placed him in category VI, Lloyd's guideline range was life imprisonment. The prosecution, however, made oral U.S.S.G. §5K1.1 and 18 U.S.C. § 3553(e) motions for substantial assistance. The court granted the prosecution's motion and sentenced Lloyd to 223 months imprisonment, 120 months of supervised release and a $100 special assessment. Lloyd did not appeal his sentence.

## II. LEGAL ANALYSIS

### A. Standards For Relief Pursuant To § 2255

Turning to the legal analysis of Lloyd's claims, in light of the evidence in the record, the court notes, first, that 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."); *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*)

On the other hand,

> Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v.*

4

> *Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71 L. Ed. 2d 816 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to

5

support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'") (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

With these standards in mind, the court turns to analysis of Lloyd's claims for § 2255 relief.

### *B. Evidentiary Hearing*

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 18 U.S.C. § 2255. *See also Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) ("A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'") (quoting *Sanders v. United*

6

*States*, 341 F.3d 720, 722 (8th Cir. 2003)). Based on the reasons set forth below, the court finds that the record conclusively shows that Lloyd is entitled to no relief and will, therefore, not hold a hearing in this case. *See id.*

### C. Ineffective Assistance Of Counsel

#### 1. Applicable Standards

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. AMEND. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *see also Steele v United States,* 518 F.3d 986, 988 (8th Cir. 2008). By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255; *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). As noted above, in the discussion of procedural default, the Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See Hughes*, 330 F.3d at 1069 ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings.").

As the Eighth Circuit Court of Appeals has explained, "'The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's

7

performance was deficient but also that such deficient performance prejudiced his defense.'" *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").

The "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687). That showing can be made by demonstrating that counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). There are two substantial impediments to making such a showing, however. First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

8

Even if counsel's performance was "deficient," the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997)).

### 2. *Claims regarding § 851 notice*

Because Lloyd's first and fourth claims are both based on the same issue, that is, whether Lloyd's counsel was ineffective in failing to object to an alleged amendment of the prosecution's sentencing enhancement notice given pursuant to 21 U.S.C. § 851, the court will address these claims together. Lloyd contends that his counsel should have objected to the court's use of Lloyd's July 2, 2005, Illinois state conviction in case No. 05CR1754401 for possession of a controlled substance, identified in paragraph 44 of the PSR, to enhance his sentence since that conviction was not listed in the prosecution's § 851 notice. The flaw in this argument is that the prosecution did not seek to amend its sentencing enhancement notice and the court did not use Lloyd's July 2, 2005, Illinois state conviction in case No. 05CR1754401 for possession of a controlled substance to enhance

9

his sentence. When the court inquired as to whether Lloyd's conviction in case No. 05CR1754401 was included in the prosecution's § 851 notice and the prosecution replied that it was unsure, the court had the notice read in open court:

> THE CLERK: The notice that was filed on February 20 says, "Pursuant to section 851, the United States Attorney hereby informs the Court and the defendant Jason Lloyd of its intention to seek enhanced penalties against defendant in the event defendant is convicted on Count 1 of the August 23, 2007, indictment. Count 1 charges defendant with conspiracy to distribute and possess with intent to distribute cocaine, et cetera. Defendant has two prior convictions for felony drug offenses, to wit, one, on or about September 4, 2001, defendant was convicted of manufacture, slash, delivery of crack cocaine in State of Illinois versus Jason Lloyd in the Cook County Court Case Number 99CR0786401; and, two, on or about September 20, 2002, defendant was convicted of possession of other narcotic in State of Illinois versus Jason Lloyd in Cook County Circuit Court Case Number 02CR1542401.

Sentencing Tr. at 18. The court then clarified with the prosecution that Lloyd's conviction in case No. 05CR1754401 was not included in the prosecution's § 851 notice:

> THE COURT: Okay. Yeah. So for whatever reason-- thank you Kirk. For whatever reason paragraph 44 wasn't included in your notice.

| | |
|---|---|
| MR. WEHDE: | That is correct your Honor. The convictions appear to be those that are listed--that were listed in the notice are those that were listed in paragraphs 41 and 42 of the presence report. |

Sentencing Tr. at 19. While the court did inquire of defense counsel if there was any reason Lloyd's conviction in case No. 05CR1754401 couldn't have been included in the prosecution's notice, the Court specifically recognized that: "I realize they didn't." Sentencing Tr. at 19. Thus, the court relied on only the two felony drug convictions identified in the prosecution's § 851 notice to enhance Lloyd's sentence.[1] Accordingly, Lloyd is not entitled to relief on these claims.

### 3. *Challenge to convictions used to enhance sentence*

Lloyd next contends that his counsel was ineffective in failing to object to the prosecution's use of Lloyd's September 4, 2001, Illinois state conviction, in case no. 99CR0786401, for manufacture/delivery of crack cocaine, and September 20, 2002, Illinois state conviction, in case no. 02CR1542401, for possession of narcotics to enhance his sentence because he was not represented by counsel and did not waive his right to counsel in those cases. Lloyd has not presented the court with any evidence whatsoever that he was unrepresented by counsel in either Illinois case no. 99CR0786401 or case no. 02CR1542401. Accordingly, Lloyd has failed to show any prejudice arising from his counsel's failure to object to the prosecution's use of Lloyd's convictions in Illinois case

---

[1] Although at one point the court misspoke about Lloyd's conviction in case No. 05CR1754401being listed in the notice for sentencing enhancement, it is clear from the record that the court relied only upon the two convictions actually listed in the notice to enhance Lloyd's sentence.

no. 99CR0786401 or case no. 02CR1542401 to enhance his sentence. Therefore, Lloyd is also not entitled to relief on this claim.

### 4. *Acceptance of responsibility*

Lloyd also argues that his counsel was ineffective for failing to secure a three point reduction for acceptance of responsibility. This argument is factually incorrect. Lloyd was granted a three point reduction for acceptance of responsibility. PSR at ¶¶ 33-34, 37. This reduction, however, was rendered moot by application of a mandatory minimum sentence of life imprisonment. PSR at ¶ 75. The mandatory minimum sentence of life imprisonment, in turn, was reduced to 223 months imprisonment when the court granted the prosecution's oral U.S.S.G. §5K1.1 and 18 U.S.C. § 3553(e) motions. Therefore, Lloyd is also not entitled to relief on this claim.

### D. Certificate Of Appealability

Denial of Lloyd's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for his claims therein. The requirement for a certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
> * * *
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir.

2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The court finds that Lloyd has not made a substantial showing of the denial of a constitutional right on his § 2255 claims. *See* 28 U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find this court's assessment of Lloyd's claims to be debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court would resolve those issues differently. *Cox*, 133 F.3d at 569. Therefore, Lloyd does not make the requisite showing to satisfy § 2253(c) on his claims for relief, and no certificate of appealability will issue in this case. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b).

### III. CONCLUSION

For the reasons stated above, Lloyd's *Pro Se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Correct Sentence By A Person In Federal Custody is **denied in its**

**entirety**. This matter is **dismissed in its entirety**. No certificate of appealability will issue for any claim or contention in this case.

    **IT IS SO ORDERED.**
    **DATED** this 16th day of October, 2009.

                                        MARK W. BENNETT
                                        U. S. DISTRICT COURT JUDGE
                                        NORTHERN DISTRICT OF IOWA